### J. T. HUTCHINS v. B. J. KENNEDY.

(Filed 1 October, 1909.)

**Questions for Jury.**

This case presented an issue of fact upon conflicting evidence as to the location of the division line between the lands of plaintiff and defendant depending upon the location of a certain white oak, and the verdict of the jury, under proper instructions, is final.

APPEAL from *Justice, J.,* January Term, 1909, of WILKES.

Civil action, for the recovery of land. These issues were submitted:

1. "Is the plaintiff the owner and entitled to the possession of the land bounded by the lines indicated on the map by the corners A, 1, and X?"    Answer: "Yes."

2. "Is defendant in the wrongful possession of said land?" Answer: "Yes."

From the judgment rendered the defendant appealed.

*W. W. Barber* for plaintiff.
*Hackett & Gilreath* for defendant.

PER CURIAM: Upon the record in this case, we have concluded that the controversy is one exclusively of fact. Plaintiff and defendant derived their titles from Christian Cozart, who conveyed to Hugh Montgomery. The latter conveyed to his two daughters, Rachael and Rebecca. In 1839 partition was had between the two, one of whom married Wellborn and the other Stokes.

The question in controversy is the location of the dividing line between Rebecca Wellborn and Rachael Stokes.

It is a question of boundary, and not of title. Rebecca Wellborn owned the land west of this line, while Rachael Stokes owned the land east of said line. The question in dispute is the point where the white oak stood at the forks of the road near the pole bridge. If the white oak stood at the point indicated on the map, "A," then plaintiff is entitled to recover. If the white oak stood at "E," then the plaintiff is not entitled to recover.

This being a question of boundary, and the evidence being conflicting as to the location of the white oak, it was the province of the jury to settle the matter in controversy, and, under proper instructions from the court, their verdict is final.

We think the matter was fairly and correctly presented to the jury, and, after careful consideration of the exceptions, we are of opinion that no error has been committed of sufficient importance to warrant us in directing another trial.

No error.